UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:03-CR-22 (AVC) |
| V. | : | |
| FRANK S. CHUANG | : | AUGUST 11, 2008 |

### MOTION TO TERMINATE SUPERVISED RELEASE

Pursuant to 18 U.S.C. § 3583 (e), Defendant Frank Chuang hereby moves this Court to terminate the remaining year of his two year term of supervised release, such action being warranted by the conduct of Mr. Chuang and is in the interest of justice.

On February 8, 2005, this Court sentenced Mr. Chuang, upon a guilty plea to one count of tax evasion, in violation of 26 U.S.C. § 7201, and a guilty plea to two counts of making false claims, in violation of 18 U.S.C. §§ 287 and 2, to thirty-three (33) months' incarceration. In addition, this Court placed Mr. Chuang on supervised release for a term of two (2) years upon release from custody. As a special condition of supervised release Mr. Chuang was ordered to participate in a program of mental health. This Court also ordered Mr. Chuang to make restitution in the amount of $4,210,450.55.

This Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583 (e) (1). Early discharge is appropriate to "account

**ORAL ARGUMENT IS NOT REQUESTED.**

for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release.  See <u>United States v. Lussier</u>, 104 F.3d 32, 36 (2d Cir. 1997).  Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals.  This determination is within the discretion of the district court.  Id.

Mr. Chuang's two-year term of supervised release commenced on August 3, 2007.  Mr. Chuang's conduct has been exemplary during both the term of incarceration and during the first year of supervised release.  Mr. Chuang has fulfilled all the special conditions of his supervised release, successfully completing the mental health program at his own expense and making full restitution to the government.  Mr. Chuang has also made additional restitution in a separate civil settlement with the government, for a total payment of restitution of approximately $8,765,670.00.  Even prior to sentencing, Mr. Chuang exhibited model behavior during his trip to Taiwan to visit his parents in December 2004 while on Pretrial Supervision.  Mr. Chuang continued his exemplary behavior with another trip to Taiwan during October 2007, only three months into the term of supervised release, to visit with family and celebrate his mother's 90th birthday.

There is no longer any need to keep Mr. Chuang on supervised release.  The deterrent value of this case has been fully realized.  Mr. Chuang accepted responsibility for his crime, served a prison sentence, and completed more than a year towards his term of supervised release.  Prior to incarceration, Mr. Chuang was a law-abiding citizen, which was demonstrated at sentencing when Mr. Chuang was found to have a criminal history category of one.  Mr. Chuang has made a successful transition back into

society and has returned to his prior status of a law-abiding citizen. Mr. Chuang's underlying offense was not a violent one, and he is not likely to commit this offense again. There is no need for rehabilitative or corrective training given Mr. Chuang's full compliance with the terms and conditions of supervised release.

Additionally, the public interest is best served by terminating Mr. Chuang's supervised release because this will allow the Probation Office to invest its limited resources in the most efficient manner, rather than on someone who has proven himself to be beyond the need for supervision.

The undersigned has spoken to the U.S. Probation Officer, Xenia Gray, and she is in agreement with the present motion, indicating that Mr. Chuang is a "perfect candidate" for the termination of supervised release. The undersigned has also spoken to the U.S. Attorney's Office, who indicated their objection to the present motion and intention to file an opposition.

For the foregoing reasons, this Court should terminate the remaining year of Mr. Chuang's supervised release.

DEFENDANT
FRANK S. CHUANG

By_____/s/_____
Austin J. McGuigan, Esq.
Federal Bar No. CT01004
Rome McGuigan, P.C.
One State Street
Hartford, CT  06103-3101
860-549-1000
860-724-3921 (fax)
His Attorney

2

*Rome McGuigan, P.C.* ○ *Attorneys at Law*
One State Street ○ Hartford, Connecticut  06103-3101 ○ (860) 549-1000 ○ Fax (860) 724-3921 ○ Juris No. 27726

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of August, 2008, a copy of the foregoing was mailed, postage prepaid, via U.S. mail, to:

James A. Wade, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

William J. Nardini, Esq.
Assistant U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT  06510

Brian Topor
United State's Probation Officer
U.S. Probation Office
450 Main Street
Hartford, CT 06103

/s/
Austin J. McGuigan

11797-1/FF7035