UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | Case Nos. | 3:03-CR-22 (AVC) |
| | : | | 3:03-CR-272 (AVC) |
| v. | : | | |
| | : | | |
| FRANK S. CHUANG | : | August 19, 2008 | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO
TERMINATE SUPERVISED RELEASE [DOC. #75]**

**I.    Preliminary Statement**

On January 30, 2003, a federal grand jury returned a 30-count Indictment charging the defendant and his two companies with committing mail and wire fraud, and making false claims, in violation of 18 U.S.C. §§ 1341, 1343, and 287.  *See* 3:03-CR-22 (AVC)[1] [doc. #4].

On September 24, 2003, the defendant entered a plea of guilty to Counts 17 and 25 of the Indictment, as well as Count One of a one-count information, No. 3:03-CR-272 (AVC) [doc. #1] charging him with tax evasion in violation of 26 U.S.C. § 7201.  The Plea Agreement [doc. #31], was part of a global resolution, in which the defendant agreed to pay restitution to four state departments of transportation and the U.S. Department of Transportation for a massive overbilling scheme; to repay taxes, interest and penalties to the Internal Revenue Service which were due as a result of his tax evasion scheme; and to pay significant civil penalties.  For its part, the Government agreed to dismiss the remaining 28 counts of the Indictment against the defendant; to dismiss *all* counts against his two wholly owned corporations; to recommend that the Court reduce the defendant's offense level by three points for acceptance of responsibility;

---

[1] The plea documents were docketed under both docket numbers.  For convenience, all further references to docket entries shall be to 3:03-CR-22 (AVC) unless otherwise specified.

to recommend to the Court that a portion of the civil penalties be credited against restitution; and that the Court downwardly depart and impose no fine.

In the Plea Agreement, the parties stipulated to the dollar loss involved in the case, but disagreed about how the guidelines should be calculated.  The Government argued that the appropriate guideline range was 41-51 months, whereas the defendant argued that the applicable range was 30-37 months.  The plea agreement also contained a mutual waiver of the parties' right to appeal or collaterally attack the sentence.

At a sentencing hearing on February 8, 2005, the Court resolved the disputed sentencing issues, and found that the defendant's guideline range was 33-41 months.  The Court declined to exercise its discretion to depart downward, and sentenced the defendant to a term of 33 months of imprisonment, followed by two years of supervised release, restitution of $4,210,450.55, and a total of $300 in special assessments.  In conformity with the plea agreement, the Court dismissed the remaining counts against the defendant.  Judgments were signed in the two cases on February 9, 2005, and entered on February 11, 2005.  The defendant did not appeal his conviction or sentence.

On February 7, 2006, the defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. *See No.* 3:06-CV-193 (AVC). On December 8, 2006, after holding an evidentiary hearing, the Court issued a written ruling [-193, doc. #25] denying that motion.

The defendant completed his term of incarceration on or about August 3, 2007, at which point he began his two-year term of supervised release.  Having completed half of that term, the defendant now moves for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).**[doc. #75, filed Aug. 11, 2008]**. For the reasons set forth below, the defendant's

motion should be denied.

**II.    Discussion**

In limited circumstances, a district court is authorized to grant early termination of supervised release:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)– terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).   The factors referenced above include:

> (a) (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed -
>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4) the kinds of sentences and the sentencing range established for-
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
>>
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;

      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

18 U.S.C. § 3553(a).

      Early termination is warranted only "'[o]ccasionally,' when 'changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" *United States v. Weintraub*, 371 F.Supp.2d 164, 166 (D. Conn. 2005) (Arterton, J.) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *see also United States v. Gentile*, 2007 WL 2009779 at *1 (D. Conn. 2007) (Nevas, J.) (denying reconsideration of denial of early termination of supervised release); *United States v. Grimaldi*, 482 F. Supp. 2d 248 (D. Conn. 2007) (Arterton, J.) (denying early termination of supervised release); *United States v. Herrera*, 1998 WL 684471 at *2 (S.D.N.Y. 1998) (early termination is "not warranted as a matter of course").

      A defendant has the burden to demonstrate that the circumstances warrant early termination. *United States v. Rasco*, 2000 WL 45438 at *3 (S.D.N.Y. 2000) ("Neither the statute nor the relevant case law places an affirmative obligation upon the government to make a showing of compelling penal need before a defendant will be required to complete a validly imposed term of supervised release. If the defendant desires to have that period shortened he must show that the circumstances warrant it, not that the government cannot prove otherwise.").

      Where the defendant presents no new or exceptional circumstances, early termination is not warranted. *Id.* ("While Rasco's good behavior in prison and on supervised release is laudable, I am not satisfied that his conduct has been so unusual as to merit the early termination

of his supervised release."); *Herrera*, 1998 WL 684471 at *2 ("Although Herrera seems to have adjusted well to probation, there are no new or exceptional circumstances sufficient to warrant a termination of his probation term."); *United States v. Martin*, 1992 WL 178585 at *1 (S.D.N.Y. 1992) ("The factors that led to imposition of the original sentence, however, remain unchanged. . . . This court does not find, nor does defendant even offer, the existence of new circumstances that merit a modification of the original sentence.").

The defendant here does not offer any information that justifies early termination of his supervised release. He makes no assertion of extraordinary conduct or changed circumstances that make his supervised release unduly burdensome or harsh. He simply contends that "his conduct has been exemplary during both the term of incarceration and during the first year of supervised release." Motion to Terminate at 2. The only examples of such "exemplary conduct" he cites, however, are (1) his completion of a mental health program at his own expense, (2) paying his criminal restitution arising from a massive fraud and tax-evasion scheme, (3) paying the money due to the U.S. government under a separate civil settlement arising from the same pattern of false claims, and taking two trips to visit family in Taiwan – once while on pretrial supervision, and once while on supervised release. *Id.*

There are two flaws with this argument. First, most of the conduct cited by the defendant occurred *prior to sentencing*, and so was fully considered by this Court when it decided that a two-year term of supervised release was appropriate. The defendant had already paid his restitution and civil tax and fraud penalties by the time of sentencing, and successfully argued (with the government's consent) that this fact merited a downward departure from the applicable fine range. *See* Def. Sentencing Mem. at 12 [doc. #59]. (Lest the defendant become too self-

5

congratulatory about paying back restitution and civil fines, he should recall that he did so only after he was *caught* cheating his fellow taxpayers.)  Likewise, the defendant's first trip to Taiwan – which this Court permitted as an act of grace – occurred while on pretrial supervision, and the Court was likewise aware of that fact at the time of sentencing.

The second flaw in this argument is that, to the extent the defendant cites conduct occurring after the completion of his incarceration, he has simply done what the law commands him to do.  This Court's judgment *obligated* the defendant to engage in mental health treatment as a condition of release.  It is well established that full compliance with the terms of supervised release is expected; it does not justify early termination.  *Rasco*, 2000 WL 45438 at *2; *United States v. Medina*, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998) (finding that defendant's compliance "with the terms of his supervision is commendable, but ultimately that is what is expected of him.").  If simple compliance with the terms of supervised released were sufficient to justify early termination, "the exception would swallow the rule." *Id.*  It is certainly the hope that active supervision by the U.S. Probation Office will contribute to the rehabilitative efforts of a defendant.  It should therefore be no surprise that "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release." *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005); *see also United States v. Monteperto*, 2007 WL 91454 (E.D.N.Y. 2007) (denying early termination motion premised upon defendant's prison work, educational efforts, and attempts to reintegrate into society); *United States v. Gerritson*, 2004 WL 2754821, at 3 (S.D.N.Y. 2004) (maintaining employment and receiving psychological counseling "is behavior that conforms to the conditions of probation and was anticipated at the time of sentencing.  It is not extraordinary.").

Furthermore, the defendant fails to argue that any particular hardship or injustice would result from his completing the term of supervised release. In the absence of such a showing, the defendant's motion for early termination should be denied. *Herrera*, 1998 WL 684471 at *2; *Gerritson*, 2004 WL 2754821, at *3 (holding that "inconvenience of reporting to the Probation Department is not a basis for terminating probation early").

The defendant's last argument – that his post-incarceration trip to visit family in Taiwan merits early termination of supervised release – is frivolous.  The only thing that trip demonstrates is this Court's clemency, not any special merit on the part of the defendant.  It is hard to imagine that Congress envisioned "successful vacationing abroad" as a criterion for terminating supervised release.

One final observation is warranted.  The defendant's motion to terminate supervised release contains the following statement:

"Prior to incarceration, Mr. Chuang was a law-abiding citizen . . . ."

Motion to Terminate at 2.  The truth of that statement depends, perhaps, on how loosely one is willing to construe the word "prior."  In his plea agreement, the defendant admitted that for fully *eight* years, he had engaged in a scheme to bilk federal and state departments of transportation of millions of dollars.[2]  He also admitted having cheated on his taxes for the years 1995, 1996,

---

[2]Paragraph 5 of the stipulation of offense conduct in his plea agreement [doc. #31] reads:

> *Beginning in or about January 8, 1995 through in or about January of 2003*, Chuang engaged in a scheme to defraud CT-DOT, NYS-DOT, RI-DOT, and MASS-HWY by knowingly and willfully submitting false, fictitious, and fraudulent invoices to the United States Department of Transportation, an agency of the United States, either directly or indirectly through entities working as prime contractors for CT-DOT, NYS-DOT, RI-DOT, and MASS-HWY.

1997, 1998, 1999, and 2000. *See* Plea agreement [doc. #31] at 13. Perhaps Mr. Chuang was law-abiding before 1995. But his criminal history category of I at the time of sentencing reflected a long history of dodging the law, not respecting the law.

At sentencing in 2005, this Court determined that a two-year period of supervised release was appropriate. Nothing has changed since then.

### III. Conclusion

The Government commends Mr. Chuang for complying with the conditions of his supervised release, and for taking steps to become a productive member of society. His conduct, however, it is no more extraordinary than that of most probationers and supervisees who also comply with the terms of their release.

For all these reasons, the defendant's motion for early termination of his supervised release should be denied.

    Respectfully submitted,

    NORA R. DANNEHY
    ACTING UNITED STATES ATTORNEY

    /s/
    WILLIAM J. NARDINI
    ASSISTANT UNITED STATE S ATTORNEY
    Federal Bar No. ct16012
    157 Church Street, 23rd Floor
    New Haven, CT 06510
    (203) 821-3748
    fax: (203) 773-5377
    william.nardini@usdoj.gov

---

(Emphasis added.)

CERTIFICATE OF SERVICE

      I hereby certify that on August 19, 2008, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/_____
William J. Nardini, Assistant U.S. Attorney